IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOPHIE L.,[1]

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Civ. No. 2:24-cv-01592-MC

OPINION AND ORDER

---

MCSHANE, Judge:

Plaintiff Sophie L. appeals the Social Security Commissioner's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to consider Plaintiff's cognitive limitations and failing to incorporate the entirety of limitations caused by Plaintiff's severe impairments in the record as a whole. Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

**BACKGROUND**

Plaintiff first applied for DIB and SSI in August 2018 alleging disability beginning August 13, 2018. Tr. 1323.[2] After the Commissioner's denial and a hearing, the Honorable Jo Hoenninger denied Plaintiff's claim in May 2021. Tr. 1320. Plaintiff sought judicial review following denial

[1] In the interest of privacy, this opinion uses only Plaintiff's first name and first initial of her last name.
[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

from the Appeals Council. Tr. 1349. In April 2023, the Honorable Judge Mark D. Clarke remanded Plaintiff's case based on a stipulation by the parties. Tr. 1377. Judge Clark ordered the ALJ to "further evaluate Plaintiff's symptom allegations, as necessary; further evaluate the evidence, including the vocational expert testimony; and issue a new decision." Tr. 1378.

While her initial application was pending, Plaintiff filed a second claim for disability seeking benefits beginning May 20, 2021. Tr. 1499. The Commissioner granted Plaintiff benefits beginning April 4, 2022. Tr. 1298. In May 2023, Plaintiff filed a request for reconsideration of her claim for disability between May 20, 2021, and April 4, 2022. Tr. 1407. The Commissioner merged Plaintiff's reconsideration request for her second claim with Magistrate Judge Clark's remand order and reviewed Plaintiff's claim for the period between August 13, 2018 and April 4, 2022. Following a hearing, the Honorable Vadim Mozyrsky issued a decision denying Plaintiff benefits prior to April 4, 2022. Tr. 1280–89. Plaintiff seeks judicial review of ALJ Mozyrsky's Decision.

## STANDARD OF REVIEW

On appeal, a district court reviews whether "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); see also *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) ("A decision by the Commissioner to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error."). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett*, 180 F.3d at 1098 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). It is enough evidence for a reasonable person to accept as "adequate to support a conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

A district court considers the record as a whole, "weighing both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual function capacity (RFC), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. Id. If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

Before her alleged disability onset date, Plaintiff worked as a nail technician and hairdresser for at least 18 years. Tr. 297. Plaintiff's claim partially stems from an unexpected collapse at work in May 2018 due to heart failure. Tr. 411. After that fall, Plaintiff struggled to maintain employment. Tr. 87, 2846. The ALJ determined Plaintiff had severe medical impairments, although none listed in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 1284. The ALJ determined

Plaintiff suffered from the following severe, medically determinable impairments: "coronary artery disease; ischemic cardiomyopathy with chronic congestive heart failure; essential hypertension; lumbar degenerative disc disease; cervicalgia; status post gastric ulcer; status post right foot hallus varus bunion surgery; and depressive disorder." Tr. 1283.

The ALJ determined Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stoop, crouch, and crawl. She can occasionally reach overhead with bilateral upper extremities. She should have only frequent exposure to extreme heat and hazards, such as unprotected heights and exposed moving mechanical parts. She is limited to simple tasks.

Tr. 1285.

The ALJ found the national economy provided jobs in significant numbers appropriate for Plaintiff. Tr. 1297. Plaintiff could work as a router, small products assembler, and collator operator. *Id.* The ALJ determined that Plaintiff was not disabled under the Act between August 13, 2018, and April 4, 2022. Tr. 1298.

Plaintiff argues the ALJ erred for two reasons:

1. The ALJ improperly formulated the RFC by disregarding Plaintiff's cognitive limitations set out by a medical opinion the ALJ found persuasive.
2. The ALJ did not support the RFC with substantial evidence because he failed to incorporate the entirety of limitations caused by Plaintiff's severe impairments in the record as a whole.

Pl.'s Br. 1, ECF No. 8.

## I. <u>Plaintiff's Cognitive Limitations</u>

Plaintiff argues the ALJ erred by omitting the phrases "simple instructions" and "very short" from the RFC. Pl.'s Br. 4–5. Dr. Irmgard Friedburg, a state agency physician, opined Plaintiff could "understand, remember, and carry out very short, simple tasks" and "remember

simple instructions." Tr. 1372. Plaintiff argues this opinion establishes cognitive limitations in her ability to understand, remember, and carry out more than simple instructions. Pl.'s Br. 5. Plaintiff relies on *Leach v. Kijakazi* to argue an RFC limiting Plaintiff only to "simple tasks" significantly deviated from Dr. Friedburg's medical opinion. *Id.* at 7; 70 F.4th 1251 (9th Cir. 2023). Defendants respond Plaintiff misapplies *Leach*. Def.'s Resp. 5, ECF No. 12. The Court agrees.

In *Leach*, the circuit court was tasked with determining whether the ALJ erred when questioning the vocational expert ("VE"). 70 F.4th at 1256. There, the ALJ determined that claimant's RFC included a cognitive limitation that claimant could only "follow short, simple instructions." *Id.* The ALJ then omitted the term "very short" when questioning the VE during the hearing. *Id.* The Ninth Circuit held omitting this descriptor materially changed claimant's functional capacity and altered the types of jobs the VE considered appropriate. *Id.* at 1257. The court reasoned that, "very short" corresponded to the length of instructions, an important factor for claimant based on the entire record. *Id.* (citing *Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019)). "Simple" corresponds to the relative complexity of each step. *Id.* The *Leach* court held that because the ALJ found substantial evidence supported limiting claimant's RFC to "short, simple instructions," the omission "generated a hypothetical person with greater functional capacity than Claimant possessed." *Id.*

Plaintiff relies on *Leach* to argue that Dr. Friedburg's medical opinion necessarily limited Plaintiff to reasoning level one or two jobs.[3] Pl.'s Br. 6. She contends that Dr. Friedburg's opinion

---

[3] The Dictionary of Occupational Titles ("DOT") classifies each job into one of six "reasoning development" levels. The VE and ALJ both rely on the DOT for a list of jobs available in the national economy, but the ALJ is not required to box every claimant into one reasoning level. *Zavalin v. Colvin*, 778 F.3d 842, 846–47 (9th Cir. 2015). The ALJ relies on VE testimony alongside other factors to determine whether occupations exist for each claimant. *Id.* at 846. Conversely, the ALJ errs when they find a claimant capable of a level three job at stage five, when the RFC effectively restricts them to an occupation with reasoning level one. *Id.* at 846–47 (finding reasoning level three occupations inconsistent with the RFC limitation to "simple, routine, or repetitive work"); *see also Rounds v.*

combined with her own testimony limits her to "no greater than Reasoning Level One" occupations. *Id.* Plaintiff asks the Court to find ALJ Mozyrsky erred by restricting the RFC only to "simple tasks" because it either effectively overstated Plaintiff's cognitive ability or did not adequately resolve a conflict between Plaintiff's functional capacity and the proposed occupations. *Id.* at 6–7.

Plaintiff misapplies *Leach* in two ways. First, the *Leach* court did not hold that an RFC limiting a person to "short, simple instructions" automatically or even more likely limits that person to reasoning level one jobs. *Leach*, 70 F.4th at 1257 ("[W]e emphasize that we agree with the Commissioner that a limitation to 'short, simple instructions' does not necessarily restrict a claimant to level-one jobs."). Second, the *Leach* court remanded that case because the ALJ did not properly resolve a possible conflict between the proposed available jobs and that claimant's RFC. *Leach*, 70 F.4th at 1257. The *Leach* court did not reach the question about claimant's actual reasoning level. *Id.* The court merely found the record lacked clarity over whether claimant was capable of reasoning level two jobs. *Id.*

Plaintiff asks this Court to find the ALJ erred by failing to incorporate specific phrasing from one medical opinion. Pl.'s Br. 3–5, 11. Plaintiff notes, and this Court agrees, the Act does not require an ALJ adopt a persuasive medical opinion verbatim. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). But Plaintiff essentially asks the Court to do just that. *See* Pl.'s Br. 7 ("[T]he ALJ limited Plaintiff to 'simple' tasks, while disregarding Dr. Friedburg's actual restriction of 'very short.'"). The Court cannot substitute its own discretion for the ALJ's expertise. *Brown-*

---

*Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2008) (finding reasoning level two occupations inconsistent with an RFC limitation to "one to two step tasks").

*Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2017). The ALJ properly explained his decision with narrative discussion of the evidence.

The ALJ determined Dr. Friedburg's opinion regarding Plaintiff's moderate cognitive limitations persuasive. Tr. 1294. The ALJ supported that decision with other evidence in the record including Plaintiff's reported inability to focus, memory problems, anxiety, and social discomfort. Tr. 1294–95. The ALJ "consider[ed] [Plaintiff's] testimony with caution," but did not wholesale discredit Plaintiff. Tr. 1296. For example, in her 2021 hearing, Plaintiff testified she struggled with concentration. Tr. 96. The ALJ recognized Plaintiff "has a moderate limitation" in concentrating or maintaining pace, but noted Plaintiff testified that she drove a car "two, three times" per week indicating her limitations were not completely disabling. Tr. 86, 1285. Plaintiff first alleges issues with her memory in 2020. Tr. 1942. The ALJ determined Plaintiff's short-term working memory adequate based on a 2023 psychological examination. Tr. 1295. However, the ALJ found the same examination corroborated that Plaintiff had moderate mental limitations due to depression and anxiety. *Id.* Overall, the ALJ found substantial evidence in the record demonstrated Plaintiff's cognitive capacity "limited [her] to simple work." Tr. 1296.

## II. RFC Otherwise Not Supported by Substantial Evidence

Plaintiff argues the ALJ did not support the RFC with substantial evidence because it does not account for "significant limitations" otherwise evident in the record. Pl.'s Br. 11. Plaintiff contends her two primary physical limitations are her cardiac issues and her right foot pain. *Id.* at 12, 15. Plaintiff asks the Court to find her symptoms surrounding each impairment preclude her ability to perform light work. Pl.'s Br. 19.

A claimant's alleged symptoms, "if credited," relate to "the determination of a claimant's [RFC], which is the most [one] can still do despite [one's] limitations." *Ferguson v. O'Malley*, 95

F.4th 1194, 1198 (9th Cir. 2024) (quoting 20 C.F.R. § 416.945(a)(1)). ALJs must follow a two-step process to determine whether to credit claimant's alleged symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *see also* 20 C.F.R. §§ 404.1529(a)–(c). First, the ALJ must establish whether objective evidence in the record shows a medically determinable impairment "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the first step is satisfied and there is no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). The ALJ may reject a claimant's alleged symptom severity if they explain the decision with clear and convincing evidence. *Garrison*, 759 F.3d at 1015.

First, the ALJ found the record contained objective evidence for medically determinable impairments that could reasonably cause Plaintiff's alleged symptoms. Tr. 1287. With the first step satisfied and without evidence of malingering, the ALJ examined all available evidence to determine Plaintiff's cardiac symptom intensity and persistence. Plaintiff's May 2018 cardiac episode resulted in two stent placements and a medication regimen to manage her condition. Tr. 411, 451, 1287. After the event, Plaintiff wore a month-long heart monitor, which did not identify any arrhythmias or abnormalities. Tr. 1287, 2175. In 2019, a stress test indicated small amounts of abnormal blood flow, but physicians successfully treated the condition with medication. Tr. 1282, 2162. Shortly thereafter in a follow up with her cardiologist, Dr. Petersen, Plaintiff reported tolerating exercise and denied "significant exertional chest pain or shortness of breath." Tr. 1282, 614.

In statements to her own providers, Plaintiff continued to deny symptoms of cardiac failure or stress between 2018 and 2020. Tr. 1332, 1357, 2156. In March 2020, Plaintiff did seek treatment for developing exertional chest burning, but nitroglycerin consistently resolved her symptoms. Tr. 2146, 2150, 2153. The ALJ found that although Plaintiff clearly had some cardiac impairments, "[t]he record as a whole supports some exertional limits" in light work. Tr. 1291. The ALJ provided clear and convincing reasons for rejecting Plaintiff's alleged cardiac symptom severity.

The same goes for Plaintiff's severe podiatry impairments. Plaintiff argues she was unable to work due to her need for right foot bunion surgery. Pl.'s Br. 16–17. The ALJ acknowledged Plaintiff had difficulty standing and walking and recognized Plaintiff possessed "some level of functional limitation." Tr. 1291. He also determined Plaintiff suffered from "decreased range of motion and pain." Tr. 1289. But the ALJ also pointed out repeated instances where multiple medical providers observed she had a normal gait. Tr. 1289–90. The ALJ also noted that her podiatrist consistently advised Plaintiff wear proper shoes without additional interim treatment. Tr. 1289. The ALJ provided clear and convincing reasons Plaintiff's foot impairment was not so restrictive as to render her disabled.

Finally, Plaintiff argues the ALJ erred by proffering Plaintiff's daily activities as clear and convincing evidence that her symptoms were less severe than she alleged. Pl.'s Br. 18. On this point, the Court agrees. The Act does not require claimants rest in bed all day. *See Garrison v. Colvin,* 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Daily activities like those described in the record are not inconsistent with allegations of

debilitating pain or the idea that Plaintiff withstand the pressures of a workplace environment. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("The mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [their] credibility.").

Although Plaintiff's daily activities do not provide a clear or convincing reason to reject her alleged symptom severity, the error is inconsequential to "the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ did not rest the credibility determination on Plaintiff's daily activities alone. The ALJ noted Plaintiff's daily activities alongside medical records and Plaintiff's complaints to her providers throughout 2018-2022 demonstrated Plaintiff's overall functional independence during that period. Tr. 1289–90.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 19th day of November 2026.

s/ Michael J. McShane
Michael J. McShane
United States District Judge